## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **AWP, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No.: _____** |
| **SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,** | |
| **Defendants.** | |

## PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 26(d) and Local Rule 26.2(B), Plaintiff AWP, Inc. ("AWP") moves for entry of an order permitting it to immediately begin discovery in this matter and directing the defendants, Southeastern Traffic Supply, Inc., Stephen Kovach, Robert Parrish, and Ross Smith (collectively "Defendants"), (i) to respond to Plaintiff's written discovery requests and produce documents responsive to Plaintiff's requests for production within 14 days after entry of the requested order; and (ii) to make themselves available for deposition, at a mutually convenient time, between 21 days and 35 days after entry of the requested order.

A proposed order and copies of Plaintiff's discovery requests are attached to this Motion.  Plaintiff's Motion is based on the following grounds:

1.     As set forth in Plaintiff's Complaint filed concurrently with this Motion, Plaintiff has filed this action to obtain judicial review and injunctive relief *before* Defendants divert, entice, or take away any more of AWP's customers or potential customers.

2.     Plaintiff is being imminently threatened by the continued use and disclosure of AWP's confidential and proprietary trade secret information.  On or about February 4, 2016, counsel for AWP demanded that Defendants cease and desist all wrongful activities, but Defendants continued their course of conduct, which has caused and will continue to cause substantial harm to AWP.

3.     In violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, O.C.G.A. § 10-1-760 et. seq., and in breach of contract and breach of fiduciary duty, Defendants have unlawfully directly or indirectly solicited, diverted, enticed, or taken away one or more of AWP's customers or potential customers with whom they had contact, involvement, or responsibility during their employment with AWP.  AWP has already lost business from the following customers: All(N)1 Security, Blount Construction Company, Plateau Excavation, and Troy

NAI-1500959501v2

Construction.  Southeastern is now providing the same products and services to those customers that AWP provided.

4.      Plaintiff intends to request that the Court schedule a preliminary injunction hearing as soon as reasonably possible after completion of the expedited discovery period to avoid immediate and irreparable injury.  Accordingly, Plaintiff requires expedited discovery to further document the full nature and scope of Defendants' trade secret misappropriation, breaches of contract, and breaches of fiduciary duty and in order to subsequently request and schedule a hearing for preliminary injunction in which such evidence may be presented.

5.      Plaintiff's interrogatories, requests for production, requests for admission and notices of deposition (attached to this Motion as Exhibits A –K)[1] are limited to meet the needs described above and are appropriately tailored to the issues raised by Plaintiff's Complaint.  The discovery requests are not burdensome and Defendants will not be prejudiced by providing the requested discovery on an expedited basis.  Indeed, Plaintiff's discovery requests will expedite resolution of its claims for injunctive relief.

---

[1] Plaintiff reserves its rights under Fed. R. Civ. P. 30 and 45 to notice and/or subpoena depositions during the expedited discovery period, including a Notice to Defendant Southeastern under Rule 30(b)(6).

NAI-1500959501v2

6.     Rules 33 and 34 of the Federal Rules of Civil Procedure, as well as this Court's inherent powers to manage discovery, authorize this Court to grant the requested relief.  *See* Fed. R. Civ. P. 26, 30, 33, 34 and 36.  District courts are afforded broad discretion in the management of discovery, *Johnson v. Board of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001), which includes the discretion to order expedited discovery.  *See* Fed. R. Civ. P. 26(d)(1) (authorizing the Court to grant leave to conduct discovery before the parties have conferred).

7.     "A party seeking expedited discovery must show good cause." *PowderPak Int'l, LLC v. B.F. Machin., Ltd.*, No. 4:16-CV-0026-HLM, at *2-3 (N.D.Ga. Feb. 25, 2016); *Arista Records LLC v. Does 1-7*, No. 3:08CV18 CDL, 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008) ("A court may allow expedited discovery upon a showing of good cause"); *TracFone Wireless, Inc. v. Holden Prop. Servs.*, LLC, 299 F.R.D. 692, 694 (S.D. Fla. 2014) ("Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes 'good cause' for such discovery.").  A court will find good cause for expedited discovery "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Id.*

4

8.     Good cause to grant a motion for expedited discovery exists here because Plaintiff is being imminently threatened by the continued use and disclosure of AWP's confidential and proprietary trade secret information. Defendants' continued actions have already caused and will continue to cause substantial harm to AWP.  As a result of Defendants' unlawful actions, AWP has already lost business from four or more of its customers and Defendant Southeastern is now providing the same products and services to those customers that AWP previously provided.  Further, the discovery requests seek information "within Defendants' exclusive possession that Plaintiff cannot ascertain without discovery" and which is necessary to support a motion for a preliminary injunction. *PowderPak Int'l*, No. 4:16-CV-0026-HLM, at *3 (N.D.Ga. Feb. 25, 2016).

9.     Expedited discovery is particularly appropriate where, as here, a plaintiff intends to seek injunctive relief due to the risk of irreparable harm.  *See Ellsworth Assocs., Inc. v. United States, et al.*, 917 F. Supp. 841, 844 (D.D.C. 1996); *see also United States v. Mayer*, No. 03-CV-415-T26-TGW, 2003 WL 1950079 at *1 (M.D. Fla. Feb. 20, 2003) (ordering expedited discovery due to the risk of irreparable injury).  Defendants have already taken away the business of at least four of AWP's customers and Plaintiff is being imminently threatened by the continued use and disclosure of AWP's confidential and proprietary trade secret

5

information.  As did the plaintiff in *TracFone Wireless*, AWP "seeks expedited discovery in this case so it can learn the full extent of the nature and scope of Defendants' alleged ongoing unlawful conduct as quickly as possible in order to stop Defendants' alleged misconduct." *TracFone Wireless*, 299 F.R.D. at 693-94.

10.    Moreover, expedited discovery should be granted when the limited discovery requests are narrowly tailored to the issues raised by the motion for preliminary injunction.  *See Commissariat a l'Énergie Atomique v. Dell Computer Corp.*, No. 03-CV-484-KAJ, 2004 WL 406351 at *1 (D. Del. March 3, 2004) (granting motion for expedited discovery) (citing *Educata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 429 (8th Cir. 1985) (granting motion for expedited discovery because it would "better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing.")).  The discovery requests here are limited in scope to information relevant to a motion for a preliminary injunction.  As a result, Defendants will suffer no undue prejudice if the court requires them to respond to the discovery requests in an expedited fashion.  *PowderPak Int'l*, No. 4:16-CV-0026-HLM, at *3 (N.D.Ga. Feb. 25, 2016).

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Expedite Discovery and enter the proposed order.

Dated: April 22, 2016

*s/ Elaine R. Walsh*

William B. B. Smith (Ga. Bar No. 664637)
Elaine R. Walsh (Ga. Bar No. 003480)
JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA  30309-3053
(404) 521-3939/Telephone
(404) 581-8330/Facsimile
wsmith@jonesday.com
erogerswalsh@jonesday.com


Robert P. Ducatman*
Jeffrey Saks*
Candice M. Reder*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939/Telephone
(216) 579-0212/Facsimile
rducatman@jonesday.com
jsaks@jonesday.com
creder@jonesday.com

*Motion for Admission Pro Hac Vice forthcoming*

*Counsel for Plaintiff*

NAI-1500959501v2

## IN THE UNITED STATES DISTRICT COUT
## FOR THE NORTHERN DISTRICT OF GEORGIA

**AWP, INC.,**

       **Plaintiff,**

   **v.**

**SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,**

       **Defendants.**

**Case No.: _____**

## ORDER

Plaintiff AWP Incorporated ("AWP") having moved for expedited discovery; Plaintiff having attached its proposed interrogatories, requests for production, and requests for admission (the "Discovery Requests") to its Motion; it appearing that the requested discovery and relief requested in the Motion are reasonable; and for other good cause shown,

IT IS HEREBY ORDERED that:

1.     Plaintiff's Motion to Expedite Discovery is GRANTED;

2.     Plaintiff's Discovery Requests are deemed served on Defendants;

3.     Southeastern Traffic Supply, Inc., Stephen Kovach, Robert Parrish, and Ross Smith, (collectively "Defendants") shall serve responses to Plaintiff's

NAI-1500959501v2

Discovery Requests and produce the requested documents within 14 days after the date of this Order;

4.      Between 21 and 35 days after the date of this Order, Defendants shall appear or depositions as requested in any notices of deposition.


**IT IS SO ORDERED,** this _____ day of _____, 2016.


_____

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing **MOTION TO EXPEDITE DISCOVERY AND INCORPORATED MEMORANDUM OF LAW** has been prepared with one of the font and point selections (e.g., Times New Roman/14 point) approved by this Court in Local Rule 5.1B.

This 22nd day of April, 2016.

*s/ Elaine R. Walsh*
One of Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day caused a true and correct copy of the

foregoing **MOTION TO EXPEDITE DISCOVERY AND INCORPORATED**

**MEMORANDUM OF LAW** (and all attachments thereto) to be included with the

materials to be served via process server, along with the summons and complaint,

upon Defendants as follows:

Defendant Southeastern Traffic Supply, Inc.
720 Fair Oaks Manor, N.W., Atlanta, Georgia 30327

Defendant Stephen Kovach of Lithia Springs, Georgia 30122

Defendant Robert Parrish of Cumming, Georgia 30041

Defendant Ross Smith of Canton, Georgia 30115


This 22nd day of April, 2016.

*s/ Elaine R. Walsh*
Georgia Bar No. 003480
Attorney for AWP, Inc.

JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA 30309-3053
(404) 521-3939
erogerswalsh@jonesday.com

NAI-1500959501v2

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **AWP, INC.,** | Case No.: |
| **Plaintiff,** | |
| **v.** | |
| **SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,** | |
| **Defendants.** | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT SOUTHEASTERN TRAFFIC SUPPLY, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and its Motion for Expedited Discovery, Plaintiff, AWP, Inc. ("AWP"), hereby requests that Defendant Southeastern Traffic Supply, Inc. answer the following Interrogatories separately, fully, and under oath, within 14 days of service hereof, and in accordance with the Definitions and Instructions below.

**DEFINITIONS AND INSTRUCTIONS**

Without limiting the scope of the Federal Rules of Civil Procedure, these Interrogatories incorporate the following definitions and instructions:

- 1 -

1.      "AWP" or "Plaintiff" shall mean Plaintiff, AWP, Inc., and any affiliates, predecessors, successors, current or former attorneys, agents, representatives, employees, officers, and/or directors of AWP.

2.      "Southeastern," "Defendant," "You," or "Your" shall mean Defendant Southeastern Traffic Supply, Inc., and any affiliates, predecessors, successors, current or former attorneys, agents, representatives, employees, officers, and/or directors of Southeastern Traffic Supply, Inc.

3.      "Litigation" shall mean the above captioned matter pending in the United States District Court for the Northern District of Georgia.

4.      "Complaint" refers to the Complaint filed by AWP in this Litigation.

5.      "Smith" shall mean Defendant Ross Smith.

6.      "Parrish" shall mean Defendant Robert Parrish.

7.      "Kovach" shall mean Defendant Stephen Kovach.

8.      "Individual Defendants" refers to Defendant Ross Smith, Defendant Robert Parrish, and Defendant Stephen Kovach, whether individually or together, as necessary in order to bring within the scope of the request all documents and things that might otherwise be construed to be outside the scope.

9.      "Person" shall mean any natural person or any firm, partnership, association, joint venture, corporation, and any other form of business, legal, or governmental entity or association.

10.    "Representative" shall mean any person, agent, attorney, consultant, or other individual(s) or business entity(ies) in the employ of or otherwise acting on behalf of an entity.

11.    The term "document" shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall mean any written, printed, typed, or other graphic matter of any kind or nature and all mechanical and electronic sound recordings or descriptions in Defendant's possession, custody, or control, or known by Defendant to exist.  Without limiting the generality of the foregoing, "document" includes emails, memoranda, correspondence, letters, designs, drawings, agreements, contracts, checks, notes, leases, pledges, accounts, ledgers, endorsements, notices, reports, analyses, worksheets, diaries, statistics, telegrams, telex, telefax, minutes, proposals, studies, statements, bills, receipts, returns, summaries, pamphlets, books, notations of any sort of communications, bulletins, workings, alterations, modifications, changes, and amendments of any kind, charts, graphs, videotapes, recordings and motion pictures, and all drafts of the foregoing, including the originals and all non-identical copies or drafts, whether different from the original by reasons of any notation made on such copies or otherwise.  Each draft or non-identical copy, by reason of any markings, notations, or differences, is a separate document within the meaning of this term.

12.    The term "identify," or any derivative thereof, shall mean: (a) with respect to a natural person, to state the person's full name, the person's present or last known address and telephone number, and the person's present or last known position and employer or business affiliation, (b) with respect to an entity, to state its full name, the type of organization (e.g., corporation, limited partnership), its address and telephone number, and the identity of those natural persons who represent such entity and with whom you principally have had contact; (c) with respect to a document, to state the date, the type of document (e.g., letter, memorandum), author(s), addressee(s), all recipients, and the present or last known location or custodian of the document, and (d) with respect to a communication, to state its date and location(s), the type of communication (e.g., meeting, letter, e-mail, etc.), the person(s) who participated in it or who was or were present during any part of it or have knowledge about it, and the subject matter of the communication.

13.    The term "communication," or any derivative thereof,  shall mean every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

14.     When an Interrogatory refers to or seeks a description of an act, transaction, occurrence, dealing, or instance, state: the date, including year, month, and day, when it occurred; the place where it occurred; the identity of each person participating therein; on whose behalf each said person participated or purported to participate; the nature, subject matter, and circumstances surrounding it; and the nature and substance of all conversations or oral communications occurring during, or in connection with, it; and identify all documents referring thereto or reflecting it.

15.     If an Interrogatory is objected to or not answered on the basis of any claim of privilege, whether based upon statute or otherwise, with respect to each such Interrogatory, set forth: (a) the name and position of each person with knowledge of the subject matter of the information and (b) the grounds for the claim of privilege.

16.     PRECAUTIONS MUST BE TAKEN IMMEDIATELY TO PRESERVE FOR RETRIEVAL AND PRODUCTION ALL PAST AND FUTURE E-MAIL TRANSMISSIONS (i) FALLING WITHIN THE SCOPE OF THE INTERROGATORIES SET FORTH BELOW, (ii) HAVING ANY RELEVANCE TO THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT, OR (iii) HAVING ANY RELEVANCE TO DEFENDANT'S ANSWER OR AFFIRMATIVE DEFENSES.

17.     Each of the following Interrogatories shall be deemed continuing, pursuant to Rule 26 of the Federal Rules of Civil Procedure, so as to require supplementation from the date of the interrogatory to the time of trial.  Should newly discovered information come to the Defendant or the Defendant's counsel's attention regarding any interrogatory, Defendant must supplement its responses to include such newly discovered information.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  Describe in detail Your product and service offerings and all geographic areas where You have offered or made available or planned to offer or make available those goods or services.

**RESPONSE:**


**INTERROGATORY NO. 2:**  Describe in detail the circumstances of employment for each current or former employee of Southeastern, including the dates of employment, the nature of employment (i.e., employee, consultant, independent contractor, etc.), the job title(s),  the duties and responsibilities for each job title, the supervisory and reporting structure for each job title, and compensation.

**RESPONSE:**

**INTERROGATORY NO. 3:**  Describe Your process for identifying which companies or businesses to contact regarding the solicitation of those companies and businesses for their purchase of Your goods or services.

**RESPONSE:**

**INTERROGATORY NO. 4:**  Identify each and every current or former customer of AWP, including all potential customers, that have been directly or indirectly solicited or contacted by You or any of the Individual Defendants for any business purpose.

**RESPONSE:**

**INTERROGATORY NO. 5:**  Identify all current and former employees of AWP that have been in communication with You or any of the Individual Defendants, and describe the nature of such communications.

**RESPONSE:**

**INTERROGATORY NO. 6:**  Identify any restriction You have placed on any employee of Southeastern, including the Individual Defendants, as to contact with, whether direct or indirect, any of AWP's customers or employees, including when the restriction was placed, the duration of the restriction, who communicated the restriction to the Southeastern employee, any instructions concerning the

restriction, how You monitor compliance with the restriction, and who at Southeastern is aware of the restriction.

**RESPONSE:**


**INTERROGATORY NO. 7:**  Identify any restriction You have placed on any employee of Southeastern, including the Individual Defendants, as to the use and disclosure of the confidential and proprietary trade secret information of AWP, including without limitation, when the restriction was placed, the duration of the restriction, who communicated the restriction to the Southeastern employee, any instructions concerning the restriction, how You monitor compliance with the restriction, and who at Southeastern is aware of the restriction.

**RESPONSE:**

Dated: April 22, 2016

*s/ Elaine R. Walsh*

William B.B. Smith (Ga. Bar No. 664637)
Elaine R. Walsh (Ga. Bar No. 003480)
JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA  30309-3053
(404) 521-3939/Telephone
(404) 581-8330/Facsimile
wsmith@jonesday.com
erogerswalsh@jonesday.com


Robert P. Ducatman*
Jeffrey Saks*
Candice M. Reder*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939/Telephone
(216) 579-0212/Facsimile
rducatman@jonesday.com
jsaks@jonesday.com
creder@jonesday.com

*Motion for Admission Pro Hac Vice
forthcoming*

*Counsel for Plaintiff*

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **AWP, INC.,** | Case No.: |
| **Plaintiff,** | |
| **v.** | |
| **SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SOUTHEASTERN TRAFFIC SUPPLY, INC.

Pursuant to Federal Rules of Civil Procedure 26 and 34 and its Motion for Expedited Discovery, Plaintiff, AWP, Inc. ("AWP"), hereby requests that Defendant Southeastern Traffic Supply, Inc. produce and permit for inspection and copying the following documents and things in Defendant's possession, custody, or control, at the offices of Jones Day, 1420 Peachtree Street N.E., Suite 800, Atlanta, Georgia 30309, within 14 days of service hereof, in accordance with the Definitions and Instructions below.

Each of the following Document Requests shall be deemed continuing in nature, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, so as to require supplementation from the date of the Document Request to the time of

trial.  Should newly discovered documents come to Defendant or Defendant's counsel's attention, such newly discovered documents should be immediately produced to counsel for AWP pursuant to the Federal Rules.

## DEFINITIONS AND INSTRUCTIONS

These Requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions:

1.      AWP hereby incorporates the Definitions and Instructions set forth in Plaintiff's First Set of Interrogatories to Defendant Southeastern Traffic Supply, Inc., served concurrently herewith.

2.      PRECAUTIONS MUST BE TAKEN IMMEDIATELY TO PRESERVE FOR RETRIEVAL AND PRODUCTION ALL PAST AND FUTURE E-MAIL TRANSMISSIONS: (i) FALLING WITHIN THE SCOPE OF THE REQUESTS SET FORTH BELOW; (ii) HAVING ANY RELEVANCE TO THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT; OR (iii) HAVING ANY RELEVANCE TO DEFENDANT'S ANSWER OR AFFIRMATIVE DEFENSES.

3.      All electronically stored information ("ESI") responsive to these Requests shall be produced in reasonably useable form, such as TIFF format with associated load files or native format, and shall include, at a minimum, standard header information associated with email (To, From, CC, BCC, Subject, Time/Date Sent or Received).  AWP reserves the right, without serving any

additional Requests, to require Defendant to produce documents in native format with complete original metadata in particular instances.

4.      If the answer to all or any part of any document request is not presently known or available, include a statement to the effect and furnish any information currently known or available.

5.      If any document requested is or may be lost, destroyed, deleted from a document produced in response to a Request or is otherwise unavailable, state for each such document all bases for Defendant's belief that such document is or may be unavailable, including, but not limited to: (a) the identity of the document; (b) the substance of the material lost, destroyed, deleted, or otherwise unavailable; (c) every reason the loss, destruction, or deletion was made and when it was made; and (d) the person responsible for the loss, deletion, destruction or unavailability of the document.

6.      If any Request is objected to or not answered on the basis of any claim of privilege, whether based upon statute or otherwise, with respect to each such Request, set forth: (a) each person with knowledge of the subject matter of the document; (b) the grounds for the claim of privilege; (c) the author of the document; (d) a list of all addressees, if applicable; (e) the identity of any person referenced in the document; (f) the date of the document; (g) a general description

of the type of document, e.g., letter, memorandum, etc.; and (h) a summary of the subject matter of the document.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

Produce sufficient documents to identify all current or former persons or entities affiliated with Southeastern, including shareholders, equity holders, investors, officers, directors, executives, managers, agents and subsidiaries.

**RESPONSE:**

### REQUEST NO. 2:

Produce sufficient documents to identify all current employees of Southeastern, former employees of Southeastern or individuals that received offers of employment with Southeastern.

**RESPONSE:**

**REQUEST NO. 3:**

Produce sufficient documents to identify all current or former customers or clients of Southeastern, including all potential customers that have been directly or indirectly solicited or contacted by You or any of the Individual Defendants for any business purpose.

**RESPONSE:**

**REQUEST NO. 4:**

Produce all documents and information relating to AWP, originating from AWP or obtained from AWP.

**RESPONSE:**

**REQUEST NO. 5:**

Produce all documents relating to communications between Southeastern and the Individual Defendants, either individually or together, regarding AWP.

**RESPONSE:**

**REQUEST NO. 6:**

Produce all documents relating to communications by Southeastern or any of the Individual Defendants, either individually or together, regarding the formation, creation, incorporation, organizational structure and business plans for Southeastern, including any affiliates, predecessors, successors or related businesses.

**RESPONSE:**

**REQUEST NO. 7:**

Produce all documents and communications by Southeastern or any of the Individual Defendants, either individually or together, relating to the property located at 4780 Dawsonville Highway, Gainesville, Georgia 30506.

**RESPONSE:**

**REQUEST NO. 8:**

Produce all documents and communications by Southeastern or any of the Individual Defendants, either individually or together, relating to any current or former customers of AWP.

**RESPONSE:**

**REQUEST NO. 9:**

Produce all documents relating to communications by Southeastern or any of the Individual Defendants, either individually or together, made to current or former customers of AWP.

**RESPONSE:**

**REQUEST NO. 10:**

Produce all documents relating to communications between Southeastern and any of the Individual Defendants made while the Individual Defendants were employed by AWP or regarding AWP, including termination of their employment with AWP.

**RESPONSE:**

**REQUEST NO. 11:**

Produce all documents relating to the Individual Defendants and their work for AWP, including any agreements between Individual Defendants and AWP.

**RESPONSE:**

**REQUEST NO. 12:**

Produce all documents relating to communications between Southeastern and any of the Individual Defendants, either individually or together, regarding the revenues, price or profit margin of AWP's product and service offerings, including without limitation, traffic control services, special events services, engineering and design services, safety and training services, and equipment rental and sales.

**RESPONSE:**

**REQUEST NO. 13:**

Produce all documents relating to the revenues, price or profit margin of AWP's product and service offerings, including without limitation, traffic control services, special events services, engineering and design services, safety and training services, and equipment rental and sales.

**RESPONSE:**

**REQUEST NO. 14:**

Produce all documents relating to communications by Southeastern or any of the Individual Defendants, either individually or together, regarding the price or

profit margin of Southeastern's product and service offerings, including without limitation, traffic control services, special events services, engineering and design services, safety and training services, and equipment rental and sales.

**RESPONSE:**

**REQUEST NO. 15:**

Produce all documents showing the revenues and pricing information for each customer of Southeastern, including any quotations, purchase orders, invoices, payment receipts and income statements.

**RESPONSE:**

**REQUEST NO. 16:**

Produce any indemnification agreement between Southeastern and any of the Individual Defendants, and all documents and communications relating to any such agreement.

**RESPONSE:**

**REQUEST NO. 17:**

Produce all documents relating to obligations of each Individual Defendant as set forth in the agreements attached to the Complaint in this Litigation, including without limitation, documents establishing compliance with those obligations, communications regarding those obligations, documents related to any release of those obligations and documents supporting any affirmative defenses to the enforcement of those obligations.

**RESPONSE:**

Dated: April 22, 2016

*s/ Elaine R. Walsh*
William B.B. Smith (Ga. Bar No. 664637)
Elaine R. Walsh (Ga. Bar No. 003480)
JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA  30309-3053
(404) 521-3939/Telephone
(404) 581-8330/Facsimile
wsmith@jonesday.com
erogerswalsh@jonesday.com

Robert P. Ducatman*
Jeffrey Saks*
Candice M. Reder*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939/Telephone
(216) 579-0212/Facsimile
rducatman@jonesday.com
jsaks@jonesday.com
creder@jonesday.com

*Motion for Admission Pro Hac Vice
forthcoming*

*Counsel for Plaintiff*

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **AWP, INC.,** | Case No.: |
| **Plaintiff,** | |
| **v.** | |
| **SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT STEPHEN KOVACH

Pursuant to Federal Rules of Civil Procedure 26 and 33 and its Motion for Expedited Discovery, Plaintiff, AWP, Inc. ("AWP"), hereby requests that Defendant Stephen Kovach answer the following Interrogatories separately, fully, and under oath, within 14 days of service hereof, and in accordance with the Definitions and Instructions below.

## DEFINITIONS AND INSTRUCTIONS

Without limiting the scope of the Federal Rules of Civil Procedure, these Interrogatories incorporate the following definitions and instructions:

1.      "AWP" or "Plaintiff' shall mean Plaintiff, AWP, Inc., and any affiliates, predecessors, successors, current or former attorneys, agents, representatives, employees, officers, and/or directors of AWP.

2.      "Kovach," "Defendant," "You," or "Your" shall mean Defendant Stephen Kovach, and any current or former attorneys, agents, affiliates, representatives, employees, employers, or any other person or entity acting on Your behalf.

3.      "Litigation" shall mean the above captioned matter pending in the United States District Court for the Northern District of Georgia.

4.      "Complaint" refers to the Complaint filed by AWP in this Litigation.

5.      "Parrish" shall mean Defendant Robert Parrish.

6.      "Smith" shall mean Defendant Ross Smith.

7.      "Southeastern" shall mean Defendant Southeastern Traffic Supply, Inc., and its agents, affiliates, employees, attorneys, or any other person or entity acting on its behalf.

8.      The term "document" shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall mean any written, printed, typed, or other graphic matter of any kind or nature and all mechanical and electronic sound recordings or descriptions in Defendant's possession, custody, or control, or known by Defendant to exist.  Without limiting

the generality of the foregoing, "document" includes emails, memoranda, correspondence, letters, designs, drawings, agreements, contracts, checks, notes, leases, pledges, accounts, ledgers, endorsements, notices, reports, analyses, worksheets, diaries, statistics, telegrams, telex, telefax, minutes, proposals, studies, statements, bills, receipts, returns, summaries, pamphlets, books, notations of any sort of communications, bulletins, workings, alterations, modifications, changes, and amendments of any kind, charts, graphs, videotapes, recordings and motion pictures, and all drafts of the foregoing, including the originals and all non-identical copies or drafts, whether different from the original by reasons of any notation made on such copies or otherwise.  Each draft or non-identical copy, by reason of any markings, notations, or differences, is a separate document within the meaning of this term.

9.      The term "identify," or any derivative thereof, shall mean: (a) with respect to a natural person, to state the person's full name, the person's present or last known address and telephone number, and the person's present or last known position and employer or business affiliation, (b) with respect to an entity, to state its full name, the type of organization (e.g., corporation, limited partnership), its address and telephone number, and the identity of those natural persons who represent such entity and with whom you principally have had contact; (c) with respect to a document, to state the date, the type of document (e.g., letter,

memorandum), author(s), addressee(s), all recipients, and the present or last known location or custodian of the document, and (d) with respect to a communication, to state its date and location(s), the type of communication (e.g., meeting, letter, e-mail, etc.), the person(s) who participated in it or who was or were present during any part of it or have knowledge about it, and the subject matter of the communication.

10.    The term "communication," or any derivative thereof,  shall mean every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

11.    When an Interrogatory refers to or seeks a description of an act, transaction, occurrence, dealing, or instance, state: the date, including year, month, and day, when it occurred; the place where it occurred; the identity of each person participating therein; on whose behalf each said person participated or purported to participate; the nature, subject matter, and circumstances surrounding it; and the nature and substance of all conversations or oral communications occurring during, or in connection with, it; and identify all documents referring thereto or reflecting it.

12.    If an Interrogatory is objected to or not answered on the basis of any claim of privilege, whether based upon statute or otherwise, with respect to each such Interrogatory, set forth: (a) the name and position of each person with knowledge of the subject matter of the information and (b) the grounds for the claim of privilege.

13.    PRECAUTIONS MUST BE TAKEN IMMEDIATELY TO PRESERVE FOR RETRIEVAL AND PRODUCTION ALL PAST AND FUTURE E-MAIL TRANSMISSIONS (i) FALLING WITHIN THE SCOPE OF THE INTERROGATORIES SET FORTH BELOW, (ii) HAVING ANY RELEVANCE TO THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT, OR (iii) HAVING ANY RELEVANCE TO DEFENDANT'S ANSWER OR AFFIRMATIVE DEFENSES.

14.    Each of the following Interrogatories shall be deemed continuing, pursuant to Rule 26 of the Federal Rules of Civil Procedure, so as to require supplementation from the date of the interrogatory to the time of trial.  Should newly discovered information come to the Defendant or the Defendant's counsel's attention regarding any interrogatory, Defendant must supplement its responses to include such newly discovered information.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  Identify the nature of Your affiliation  with Southeastern, including but not limited to Your current position, any previous positions, the start and end dates of any and all positions, the duties and responsibilities for each position, all geographic areas in which You have or had responsibilities, the supervisory and reporting structure for each position, and all compensation You have received.

**RESPONSE:**

**INTERROGATORY NO. 2:**  Identify any and all financial interest You hold in Southeastern, including the nature and amount of the financial interest.

**RESPONSE:**

**INTERROGATORY NO. 3:**Identify all current or former customers of AWP with whom You have communicated since Your employment with AWP ended, and describe the nature and dates of such communications.

**RESPONSE:**

**INTERROGATORY NO. 4:**  Identify all current or former customers of AWP with whom You are doing or have done business on behalf of Southeastern.

**RESPONSE:**

**INTERROGATORY NO. 5:**  Identify all current and former employees of AWP with whom You have communicated since your employment with AWP ended, and describe the nature and dates of such communications.

**RESPONSE:**

**INTERROGATORY NO. 6:**  Identify any and all restrictions placed on You by Southeastern regarding direct or indirect contact with current or former customers or employees of AWP, including when the restriction was enacted and by whom, the duration of the restriction, and any instructions concerning the restriction.

**RESPONSE:**

**INTERROGATORY NO. 7:**  Identify any and all restrictions placed on You by Southeastern regarding use and disclosure of information obtained from or regarding AWP, including when the restriction was enacted and by whom, the duration of the restriction and any instructions concerning the restriction.

**RESPONSE:**

**INTERROGATORY NO. 8:**Identify all positions you held at AWP, including start and end dates of each position, job title(s), duties and responsibilities for each job title, all geographic areas in which you had responsibilities, the supervisory and reporting structure for each job title, and all compensation you received.

**RESPONSE:**

Dated: April 22, 2016

*s/ Elaine R. Walsh*

William B.B. Smith (Ga. Bar No. 664637)
Elaine R. Walsh (Ga. Bar No. 003480)
JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA  30309-3053
(404) 521-3939/Telephone
(404) 581-8330/Facsimile
wsmith@jonesday.com
erogerswalsh@jonesday.com

Robert P. Ducatman*
Jeffrey Saks*
Candice M. Reder*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939/Telephone
(216) 579-0212/Facsimile
rducatman@jonesday.com
jsaks@jonesday.com
creder@jonesday.com

*Motion for Admission Pro Hac Vice
forthcoming*

*Counsel for Plaintiff*

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **AWP, INC.,** | Case No.: |
| **Plaintiff,** | |
| **v.** | |
| **SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT STEPHEN KOVACH

Pursuant to Federal Rules of Civil Procedure 26 and 34 and its Motion for Expedited Discovery, Plaintiff, AWP, Inc. ("AWP"), hereby requests that Defendant Stephen Kovach produce and permit for inspection and copying the following documents and things in Defendant's possession, custody, or control, at the offices of Jones Day, 1420 Peachtree Street N.E., Suite 800, Atlanta, Georgia 30309, within 14 days of service hereof, in accordance with the Definitions and Instructions below.

Each of the following Document Requests shall be deemed continuing in nature, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, so as to require supplementation from the date of the Document Request to the time of

trial.  Should newly discovered documents come to Defendant or Defendant's

counsel's attention, such newly discovered documents should be immediately

produced to counsel for AWP pursuant to the Federal Rules.

## DEFINITIONS AND INSTRUCTIONS

These Requests incorporate, without limiting the scope of the Federal Rules

of Civil Procedure, the following definitions and instructions:

1.     AWP hereby incorporates the Definitions and Instructions set forth in

Plaintiff's First Set of Interrogatories to Defendant Stephen Kovach, served

concurrently herewith.

2.     PRECAUTIONS MUST BE TAKEN IMMEDIATELY TO

PRESERVE FOR RETRIEVAL AND PRODUCTION ALL PAST AND

FUTURE E-MAIL TRANSMISSIONS: (i) FALLING WITHIN THE SCOPE OF

THE REQUESTS SET FORTH BELOW; (ii) HAVING ANY RELEVANCE TO

THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT; OR (iii) HAVING ANY

RELEVANCE TO DEFENDANT'S ANSWER OR AFFIRMATIVE DEFENSES.

3.     All electronically stored information ("ESI") responsive to these

Requests shall be produced in reasonably useable form, such as TIFF format with

associated load files or native format, and shall include, at a minimum, standard

header information associated with email (To, From, CC, BCC, Subject,

Time/Date Sent or Received).  AWP reserves the right, without serving any

additional Requests, to require Defendant to produce documents in native format with complete original metadata in particular instances.

4.      If the answer to all or any part of any document request is not presently known or available, include a statement to the effect and furnish any information currently known or available.

5.      If any document requested is or may be lost, destroyed, deleted from a document produced in response to a Request or is otherwise unavailable, state for each such document all bases for Defendant's belief that such document is or may be unavailable, including, but not limited to: (a) the identity of the document; (b) the substance of the material lost, destroyed, deleted, or otherwise unavailable; (c) every reason the loss, destruction, or deletion was made and when it was made; and (d) the person responsible for the loss, deletion, destruction, or unavailability of the document.

6.      If any Request is objected to or not answered on the basis of any claim of privilege, whether based upon statute or otherwise, with respect to each such Request, set forth: (a) each person with knowledge of the subject matter of the document; (b) the grounds for the claim of privilege; (c) the author of the document; (d) a list of all addressees, if applicable; (e) the identity of any person referenced in the document; (f) the date of the document; (g) a general description

of the type of document, e.g., letter, memorandum, etc.; and (h) a summary of the subject matter of the document.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

Produce all agreements between You and Southeastern or between You and any of the Individual Defendants, and any documents or communications relating to any such agreement(s).

### RESPONSE:

### REQUEST NO. 2:

Produce all documents relating to Your compensation or earnings from Southeastern and any communications relating to such compensation or earnings.

### RESPONSE:

**REQUEST NO. 3:**

Produce all documents relating to communications between You and any current or former customers or clients of AWP regarding Southeastern or any other competitor of AWP made before Your employment with AWP ended.

**RESPONSE:**

**REQUEST NO. 4:**

Produce all documents relating to communications between You and any current or former customers or clients of AWP made for any business purpose after Your employment with AWP ended.

**RESPONSE:**

**REQUEST NO. 5:**

Produce all documents relating to communications between You and any current or former employees of AWP made for any business purpose after Your employment with AWP ended.

**RESPONSE:**

**REQUEST NO. 6:**

Produce all documents relating to communications between You,

Southeastern and the Individual Defendants, either individually or together,

regarding AWP.

**RESPONSE:**

**REQUEST NO. 7:**

Produce all documents and information relating to AWP, originating from

AWP or obtained from AWP.

**RESPONSE:**

**REQUEST NO. 8:**

Produce all documents and communications relating to the termination of

Your employment with AWP.

**RESPONSE:**

**REQUEST NO. 9:**

Produce all documents and communications relating to the formation, creation, incorporation, organizational structure, and business plans of Southeastern, including any affiliates, predecessors, successors, or related businesses.

**RESPONSE:**

**REQUEST NO. 10:**

Produce all documents and communications relating to the property located at 4780 Dawsonville Highway, Gainesville, Georgia 30506.

**RESPONSE:**

**REQUEST NO. 11:**

Produce all documents relating to communications to or from You regarding the revenues, price or profit margin of AWP's product and service offerings, including without limitation, traffic control services, special events services, engineering and design services, safety and training services, and equipment rental and sales.

**RESPONSE:**

**REQUEST NO. 12:**

Produce all documents relating to Your obligations as set forth in Exhibit D attached to the Complaint in this Litigation, including without limitation, documents establishing compliance with those obligations, communications regarding those obligations, documents related to any release of those obligations and documents supporting any affirmative defenses to the enforcement of those obligations.

**RESPONSE:**

Dated: April 22, 2016

*s/ Elaine R. Walsh*
William B.B. Smith (Ga. Bar No. 664637)
Elaine R. Walsh (Ga. Bar No. 003480)
JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA  30309-3053
(404) 521-3939/Telephone
(404) 581-8330/Facsimile
wsmith@jonesday.com
erogerswalsh@jonesday.com


Robert P. Ducatman*
Jeffrey Saks*
Candice M. Reder*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939/Telephone
(216) 579-0212/Facsimile
rducatman@jonesday.com
jsaks@jonesday.com
creder@jonesday.com

*Motion for Admission Pro Hac Vice
forthcoming*

*Counsel for Plaintiff*

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **AWP, INC.,** | Case No.: |
| **Plaintiff,** | |
| **v.** | |
| **SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,** | |
| **Defendants.** | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
<u>TO DEFENDANT STEPHEN KOVACH</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 36 and its Motion for Expedited Discovery, Plaintiff, AWP, Inc. ("AWP"), hereby requests that Defendant Stephen Kovach answer the following Requests for Admission fully, in writing and under oath, within 14 days, in accordance with the Definitions and Instructions below.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

These Requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions:

1.      AWP hereby incorporates the Definitions and Instructions set forth in Plaintiff's First Set of Interrogatories to Defendant Stephen Kovach, served concurrently herewith.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that the document attached as Exhibit D to the Complaint is a true and correct copy of Your executed Confidentiality, Non-Competition & Non-Solicitation Agreement with AWP.

**ANSWER:**

Dated: April 22, 2016

_s/ Elaine R. Walsh_ _____
William B.B. Smith (Ga. Bar No. 664637)
Elaine R. Walsh (Ga. Bar No. 003480)
JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA  30309-3053
(404) 521-3939/Telephone
(404) 581-8330/Facsimile
wsmith@jonesday.com
erogerswalsh@jonesday.com


Robert P. Ducatman*
Jeffrey Saks*
Candice M. Reder*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939/Telephone
(216) 579-0212/Facsimile
rducatman@jonesday.com
jsaks@jonesday.com
creder@jonesday.com

*_Motion for Admission Pro Hac Vice
forthcoming_

_Counsel for Plaintiff_

# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| **AWP, INC.,** | Case No.: |
| **Plaintiff,** | |
| **v.** | |
| **SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ROBERT PARRISH

Pursuant to Federal Rules of Civil Procedure 26 and 33 and its Motion for Expedited Discovery, Plaintiff, AWP, Inc. ("AWP"), hereby requests that Defendant Robert Parrish answer the following Interrogatories separately, fully, and under oath, within 14 days of service hereof, and in accordance with the Definitions and Instructions below.

## DEFINITIONS AND INSTRUCTIONS

Without limiting the scope of the Federal Rules of Civil Procedure, these Interrogatories incorporate the following definitions and instructions:

1.      "AWP" or "Plaintiff" shall mean Plaintiff, AWP, Inc., and any affiliates, predecessors, successors, current or former attorneys, agents, representatives, employees, officers, and/or directors of AWP.

2.      "Parrish," "Defendant," "You," or "Your" shall mean Defendant Robert Parrish, and any current or former attorneys, agents, affiliates, representatives, employees, employers, or any other person or entity acting on Your behalf.

3.      "Litigation" shall mean the above captioned matter pending in the United States District Court for the Northern District of Georgia.

4.      "Complaint" refers to the Complaint filed by AWP in this Litigation.

5.      "Smith" shall mean Defendant Ross Smith.

6.      "Kovach" shall mean Defendant Stephen Kovach.

7.      "Southeastern" shall mean Defendant Southeastern Traffic Supply, Inc., and its agents, affiliates, employees, attorneys, or any other person or entity acting on its behalf.

8.      The term "document" shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall mean any written, printed, typed, or other graphic matter of any kind or nature and all mechanical and electronic sound recordings or descriptions in Defendant's possession, custody, or control, or known by Defendant to exist.  Without limiting

the generality of the foregoing, "document" includes emails, memoranda,

correspondence, letters, designs, drawings, agreements, contracts, checks, notes,

leases, pledges, accounts, ledgers, endorsements, notices, reports, analyses,

worksheets, diaries, statistics, telegrams, telex, telefax, minutes, proposals, studies,

statements, bills, receipts, returns, summaries, pamphlets, books, notations of any

sort of communications, bulletins, workings, alterations, modifications, changes,

and amendments of any kind, charts, graphs, videotapes, recordings and motion

pictures, and all drafts of the foregoing, including the originals and all non-

identical copies or drafts, whether different from the original by reasons of any

notation made on such copies or otherwise.  Each draft or non-identical copy, by

reason of any markings, notations, or differences, is a separate document within the

meaning of this term.

9.     The term "identify," or any derivative thereof, shall mean: (a) with

respect to a natural person, to state the person's full name, the person's present or

last known address and telephone number, and the person's present or last known

position and employer or business affiliation, (b) with respect to an entity, to state

its full name, the type of organization (e.g., corporation, limited partnership), its

address and telephone number, and the identity of those natural persons who

represent such entity and with whom you principally have had contact; (c) with

respect to a document, to state the date, the type of document (e.g., letter,

memorandum), author(s), addressee(s), all recipients, and the present or last known location or custodian of the document, and (d) with respect to a communication, to state its date and location(s), the type of communication (e.g., meeting, letter, e-mail, etc.), the person(s) who participated in it or who was or were present during any part of it or have knowledge about it, and the subject matter of the communication.

10.    The term "communication," or any derivative thereof,  shall mean every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

11.    When an Interrogatory refers to or seeks a description of an act, transaction, occurrence, dealing, or instance, state: the date, including year, month, and day, when it occurred; the place where it occurred; the identity of each person participating therein; on whose behalf each said person participated or purported to participate; the nature, subject matter, and circumstances surrounding it; and the nature and substance of all conversations or oral communications occurring during, or in connection with, it; and identify all documents referring thereto or reflecting it.

12.     If an Interrogatory is objected to or not answered on the basis of any claim of privilege, whether based upon statute or otherwise, with respect to each such Interrogatory, set forth: (a) the name and position of each person with knowledge of the subject matter of the information and (b) the grounds for the claim of privilege.

13.     PRECAUTIONS MUST BE TAKEN IMMEDIATELY TO PRESERVE FOR RETRIEVAL AND PRODUCTION ALL PAST AND FUTURE E-MAIL TRANSMISSIONS (i) FALLING WITHIN THE SCOPE OF THE INTERROGATORIES SET FORTH BELOW, (ii) HAVING ANY RELEVANCE TO THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT, OR (iii) HAVING ANY RELEVANCE TO DEFENDANT'S ANSWER OR AFFIRMATIVE DEFENSES.

14.     Each of the following Interrogatories shall be deemed continuing, pursuant to Rule 26 of the Federal Rules of Civil Procedure, so as to require supplementation from the date of the interrogatory to the time of trial.  Should newly discovered information come to the Defendant or the Defendant's counsel's attention regarding any interrogatory, Defendant must supplement its responses to include such newly discovered information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify the nature of Your affiliation  with Southeastern, including but not limited to Your current position, any previous positions, the start and end dates of any and all positions, the duties and responsibilities for each position, all geographic areas in which You have or had responsibilities, the supervisory and reporting structure for each position, and all compensation You have received.

**RESPONSE:**

**INTERROGATORY NO. 2:**  Identify any and all financial interest You hold in Southeastern, including the nature and amount of the financial interest.

**RESPONSE:**

**INTERROGATORY NO. 3:**Identify all current or former customers of AWP with whom You have communicated since Your employment with AWP ended, and describe the nature and dates of such communications.

**RESPONSE:**

**INTERROGATORY NO. 4:**  Identify all current or former customers of AWP with whom You are doing or have done business on behalf of Southeastern.

**RESPONSE:**

**INTERROGATORY NO. 5:**  Identify all current and former employees of AWP with whom You have communicated since your employment with AWP ended, and describe the nature and dates of such communications.

**RESPONSE:**

**INTERROGATORY NO. 6:**  Identify any and all restrictions placed on You by Southeastern regarding direct or indirect contact with current or former customers or employees of AWP, including when the restriction was enacted and by whom, the duration of the restriction, and any instructions concerning the restriction.

**RESPONSE:**

**INTERROGATORY NO. 7:**  Identify any and all restrictions placed on You by Southeastern regarding use and disclosure of information obtained from or regarding AWP, including when the restriction was enacted and by whom, the duration of the restriction and any instructions concerning the restriction.

**RESPONSE:**

**INTERROGATORY NO. 8:**Identify all positions you held at AWP, including start and end dates of each position, job title(s), duties and responsibilities for each job title, all geographic areas in which you had responsibilities, the supervisory and reporting structure for each job title, and all compensation you received.

**RESPONSE:**

Dated: April 22, 2016

*s/ Elaine R. Walsh*

William B.B. Smith (Ga. Bar No. 664637)
Elaine R. Walsh (Ga. Bar No. 003480)
JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA  30309-3053
(404) 521-3939/Telephone
(404) 581-8330/Facsimile
wsmith@jonesday.com
erogerswalsh@jonesday.com


Robert P. Ducatman*
Jeffrey Saks*
Candice M. Reder*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939/Telephone
(216) 579-0212/Facsimile
rducatman@jonesday.com
jsaks@jonesday.com
creder@jonesday.com

*Motion for Admission Pro Hac Vice
forthcoming*

*Counsel for Plaintiff*

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **AWP, INC.,** | Case No.: |
| **Plaintiff,** | |
| **v.** | |
| **SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,** | |
| **Defendants.** | |

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ROBERT PARRISH

Pursuant to Federal Rules of Civil Procedure 26 and 34 and its Motion for Expedited Discovery, Plaintiff, AWP, Inc. ("AWP"), hereby requests that Defendant Robert Parrish produce and permit for inspection and copying the following documents and things in Defendant's possession, custody, or control, at the offices of Jones Day, 1420 Peachtree Street N.E., Suite 800, Atlanta, Georgia 30309, within 14 days of service hereof, in accordance with the Definitions and Instructions below.

Each of the following Document Requests shall be deemed continuing in nature, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, so as to require supplementation from the date of the Document Request to the time of

trial.  Should newly discovered documents come to Defendant or Defendant's counsel's attention, such newly discovered documents should be immediately produced to counsel for AWP pursuant to the Federal Rules.

## DEFINITIONS AND INSTRUCTIONS

These Requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions:

1.     AWP hereby incorporates the Definitions and Instructions set forth in Plaintiff's First Set of Interrogatories to Defendant Robert Parrish, served concurrently herewith.

2.     PRECAUTIONS MUST BE TAKEN IMMEDIATELY TO PRESERVE FOR RETRIEVAL AND PRODUCTION ALL PAST AND FUTURE E-MAIL TRANSMISSIONS: (i) FALLING WITHIN THE SCOPE OF THE REQUESTS SET FORTH BELOW; (ii) HAVING ANY RELEVANCE TO THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT; OR (iii) HAVING ANY RELEVANCE TO DEFENDANT'S ANSWER OR AFFIRMATIVE DEFENSES.

3.     All electronically stored information ("ESI") responsive to these Requests shall be produced in reasonably useable form, such as TIFF format with associated load files or native format, and shall include, at a minimum, standard header information associated with email (To, From, CC, BCC, Subject, Time/Date Sent or Received).  AWP reserves the right, without serving any

additional Requests, to require Defendant to produce documents in native format with complete original metadata in particular instances.

4.      If the answer to all or any part of any document request is not presently known or available, include a statement to the effect and furnish any information currently known or available.

5.      If any document requested is or may be lost, destroyed, deleted from a document produced in response to a Request or is otherwise unavailable, state for each such document all bases for Defendant's belief that such document is or may be unavailable, including, but not limited to: (a) the identity of the document; (b) the substance of the material lost, destroyed, deleted, or otherwise unavailable; (c) every reason the loss, destruction, or deletion was made and when it was made; and (d) the person responsible for the loss, deletion, destruction, or unavailability of the document.

6.      If any Request is objected to or not answered on the basis of any claim of privilege, whether based upon statute or otherwise, with respect to each such Request, set forth: (a) each person with knowledge of the subject matter of the document; (b) the grounds for the claim of privilege; (c) the author of the document; (d) a list of all addressees, if applicable; (e) the identity of any person referenced in the document; (f) the date of the document; (g) a general description

of the type of document, e.g., letter, memorandum, etc.; and (h) a summary of the subject matter of the document.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Produce all agreements between You and Southeastern or between You and any of the Individual Defendants, and any documents or communications relating to any such agreement(s).

**RESPONSE:**

**REQUEST NO. 2:**

Produce all documents relating to Your compensation or earnings from Southeastern and any communications relating to such compensation or earnings.

**RESPONSE:**

**REQUEST NO. 3:**

Produce all documents relating to communications between You and any current or former customers or clients of AWP regarding Southeastern or any other competitor of AWP made before Your employment with AWP ended.

**RESPONSE:**

**REQUEST NO. 4:**

Produce all documents relating to communications between You and any current or former customers or clients of AWP made for any business purpose after Your employment with AWP ended.

**RESPONSE:**

**REQUEST NO. 5:**

Produce all documents relating to communications between You and any current or former employees of AWP made for any business purpose after Your employment with AWP ended.

**RESPONSE:**

**REQUEST NO. 6:**

Produce all documents relating to communications between You,

Southeastern and the Individual Defendants, either individually or together,

regarding AWP.

**RESPONSE:**

**REQUEST NO. 7:**

Produce all documents and information relating to AWP, originating from

AWP or obtained from AWP.

**RESPONSE:**

**REQUEST NO. 8:**

Produce all documents and communications relating to the termination of

Your employment with AWP.

**RESPONSE:**

**REQUEST NO. 9:**

Produce all documents and communications relating to the formation, creation, incorporation, organizational structure, and business plans of Southeastern, including any affiliates, predecessors, successors, or related businesses.

**RESPONSE:**

**REQUEST NO. 10:**

Produce all documents and communications relating to the property located at 4780 Dawsonville Highway, Gainesville, Georgia 30506.

**RESPONSE:**

**REQUEST NO. 11:**

Produce all documents relating to communications to or from You regarding the revenues, price or profit margin of AWP's product and service offerings, including without limitation, traffic control services, special events services, engineering and design services, safety and training services, and equipment rental and sales.

**RESPONSE:**

**REQUEST NO. 12:**

Produce all documents relating to Your obligations as set forth in Exhibits A, B and C attached to the Complaint in this Litigation, including without limitation, documents establishing compliance with those obligations, communications regarding those obligations, documents related to any release of those obligations and documents supporting any affirmative defenses to the enforcement of those obligations.

**RESPONSE:**

Dated: April 22, 2016

*s/ Elaine R. Walsh*
William B.B. Smith (Ga. Bar No. 664637)
Elaine R. Walsh (Ga. Bar No. 003480)
JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA  30309-3053
(404) 521-3939/Telephone
(404) 581-8330/Facsimile
wsmith@jonesday.com
erogerswalsh@jonesday.com


Robert P. Ducatman*
Jeffrey Saks*
Candice M. Reder*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939/Telephone
(216) 579-0212/Facsimile
rducatman@jonesday.com
jsaks@jonesday.com
creder@jonesday.com

*Motion for Admission Pro Hac Vice
forthcoming*

*Counsel for Plaintiff*

# EXHIBIT H

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **AWP, INC.,** | Case No.: |
| **Plaintiff,** | |
| **v.** | |
| **SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT ROBERT PARRISH

Pursuant to Federal Rules of Civil Procedure 26 and 36 and its Motion for Expedited Discovery, Plaintiff, AWP, Inc. ("AWP"), hereby requests that Defendant Robert Parrish answer the following Requests for Admission fully, in writing and under oath, within 14 days, in accordance with the Definitions and Instructions below.

## DEFINITIONS AND INSTRUCTIONS

These Requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions:

1.      AWP hereby incorporates the Definitions and Instructions set forth in Plaintiff's First Set of Interrogatories to Defendant Robert Parrish, served concurrently herewith.

<u>**REQUESTS FOR ADMISSION**</u>

<u>**REQUEST NO. 1:**</u>

Admit that the document attached as Exhibit A to the Complaint is a true and correct copy of Your executed Restrictive Covenant Agreement with AWP.

<u>**ANSWER:**</u>


<u>**REQUEST NO. 2:**</u>

Admit that the document attached as Exhibit B to the Complaint is a true and correct copy of Your executed Amended and Restated Employment Agreement with AWP.

<u>**ANSWER:**</u>


<u>**REQUEST NO. 3:**</u>

Admit that the document attached as Exhibit C to the Complaint is a true and correct copy of the executed Stockholders Agreement to which You are a party.

<u>**ANSWER:**</u>

Dated: April 22, 2016

*s/ Elaine R. Walsh*

William B.B. Smith (Ga. Bar No. 664637)
Elaine R. Walsh (Ga. Bar No. 003480)
JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA  30309-3053
(404) 521-3939/Telephone
(404) 581-8330/Facsimile
wsmith@jonesday.com
erogerswalsh@jonesday.com


Robert P. Ducatman*
Jeffrey Saks*
Candice M. Reder*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939/Telephone
(216) 579-0212/Facsimile
rducatman@jonesday.com
jsaks@jonesday.com
creder@jonesday.com

*Motion for Admission Pro Hac Vice
forthcoming*

*Counsel for Plaintiff*

# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **AWP, INC.,** | Case No.: |
| **Plaintiff,** | |
| **v.** | |
| **SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## <u>TO DEFENDANT ROSS SMITH</u>

Pursuant to Federal Rules of Civil Procedure 26 and 33 and its Motion for

Expedited Discovery, Plaintiff, AWP, Inc. ("AWP"), hereby requests that

Defendant Ross Smith answer the following Interrogatories separately, fully, and

under oath, within 14 days of service hereof, and in accordance with the

Definitions and Instructions below.

### DEFINITIONS AND INSTRUCTIONS

Without limiting the scope of the Federal Rules of Civil Procedure, these

Interrogatories incorporate the following definitions and instructions:

1.      "AWP" or "Plaintiff" shall mean Plaintiff, AWP, Inc., and any affiliates, predecessors, successors, current or former attorneys, agents, representatives, employees, officers, and/or directors of AWP.

2.      "Smith," "Defendant," "You," or "Your" shall mean Defendant Ross Smith, and any current or former attorneys, agents, affiliates, representatives, employees, employers, or any other person or entity acting on Your behalf.

3.      "Litigation" shall mean the above captioned matter pending in the United States District Court for the Northern District of Georgia.

4.      "Complaint" refers to the Complaint filed by AWP in this Litigation.

5.      "Parrish" shall mean Defendant Robert Parrish.

6.      "Kovach" shall mean Defendant Stephen Kovach.

7.      "Southeastern" shall mean Defendant Southeastern Traffic Supply, Inc., and its agents, affiliates, employees, attorneys, or any other person or entity acting on its behalf.

8.      The term "document" shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall mean any written, printed, typed, or other graphic matter of any kind or nature and all mechanical and electronic sound recordings or descriptions in Defendant's possession, custody, or control, or known by Defendant to exist.  Without limiting the generality of the foregoing, "document" includes emails, memoranda,

correspondence, letters, designs, drawings, agreements, contracts, checks, notes, leases, pledges, accounts, ledgers, endorsements, notices, reports, analyses, worksheets, diaries, statistics, telegrams, telex, telefax, minutes, proposals, studies, statements, bills, receipts, returns, summaries, pamphlets, books, notations of any sort of communications, bulletins, workings, alterations, modifications, changes, and amendments of any kind, charts, graphs, videotapes, recordings and motion pictures, and all drafts of the foregoing, including the originals and all non-identical copies or drafts, whether different from the original by reasons of any notation made on such copies or otherwise.  Each draft or non-identical copy, by reason of any markings, notations, or differences, is a separate document within the meaning of this term.

9.     The term "identify," or any derivative thereof, shall mean: (a) with respect to a natural person, to state the person's full name, the person's present or last known address and telephone number, and the person's present or last known position and employer or business affiliation, (b) with respect to an entity, to state its full name, the type of organization (e.g., corporation, limited partnership), its address and telephone number, and the identity of those natural persons who represent such entity and with whom you principally have had contact; (c) with respect to a document, to state the date, the type of document (e.g., letter, memorandum), author(s), addressee(s), all recipients, and the present or last known

location or custodian of the document, and (d) with respect to a communication, to state its date and location(s), the type of communication (e.g., meeting, letter, e-mail, etc.), the person(s) who participated in it or who was or were present during any part of it or have knowledge about it, and the subject matter of the communication.

10.    The term "communication," or any derivative thereof,  shall mean every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

11.    When an Interrogatory refers to or seeks a description of an act, transaction, occurrence, dealing, or instance, state: the date, including year, month, and day, when it occurred; the place where it occurred; the identity of each person participating therein; on whose behalf each said person participated or purported to participate; the nature, subject matter, and circumstances surrounding it; and the nature and substance of all conversations or oral communications occurring during, or in connection with, it; and identify all documents referring thereto or reflecting it.

12.    If an Interrogatory is objected to or not answered on the basis of any claim of privilege, whether based upon statute or otherwise, with respect to each

such Interrogatory, set forth: (a) the name and position of each person with knowledge of the subject matter of the information and (b) the grounds for the claim of privilege.

13.     PRECAUTIONS MUST BE TAKEN IMMEDIATELY TO PRESERVE FOR RETRIEVAL AND PRODUCTION ALL PAST AND FUTURE E-MAIL TRANSMISSIONS (i) FALLING WITHIN THE SCOPE OF THE INTERROGATORIES SET FORTH BELOW, (ii) HAVING ANY RELEVANCE TO THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT, OR (iii) HAVING ANY RELEVANCE TO DEFENDANT'S ANSWER OR AFFIRMATIVE DEFENSES.

14.     Each of the following Interrogatories shall be deemed continuing, pursuant to Rule 26 of the Federal Rules of Civil Procedure, so as to require supplementation from the date of the interrogatory to the time of trial.  Should newly discovered information come to the Defendant or the Defendant's counsel's attention regarding any interrogatory, Defendant must supplement its responses to include such newly discovered information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify the nature of Your affiliation  with Southeastern, including but not limited to Your current position, any previous positions, the start and end dates of any and all positions, the duties and responsibilities for each position, all geographic areas in which You have or had responsibilities, the supervisory and reporting structure for each position, and all compensation You have received.

**RESPONSE:**

**INTERROGATORY NO. 2:**  Identify any and all financial interest You hold in Southeastern, including the nature and amount of the financial interest.

**RESPONSE:**

**INTERROGATORY NO. 3:**Identify all current or former customers of AWP with whom You have communicated since Your employment with AWP ended, and describe the nature and dates of such communications.

**RESPONSE:**

**INTERROGATORY NO. 4:**  Identify all current or former customers of AWP with whom You are doing or have done business on behalf of Southeastern.

**RESPONSE:**

**INTERROGATORY NO. 5:**  Identify all current and former employees of AWP with whom You have communicated since your employment with AWP ended, and describe the nature and dates of such communications.

**RESPONSE:**

**INTERROGATORY NO. 6:**  Identify any and all restrictions placed on You by Southeastern regarding direct or indirect contact with current or former customers or employees of AWP, including when the restriction was enacted and by whom, the duration of the restriction, and any instructions concerning the restriction.

**RESPONSE:**

**INTERROGATORY NO. 7:**  Identify any and all restrictions placed on You by Southeastern regarding use and disclosure of information obtained from or regarding AWP, including when the restriction was enacted and by whom, the duration of the restriction and any instructions concerning the restriction.

**RESPONSE:**

**INTERROGATORY NO. 8:**Identify all positions you held at AWP, including start and end dates of each position, job title(s), duties and responsibilities for each job title, all geographic areas in which you had responsibilities, the supervisory and reporting structure for each job title, and all compensation you received.

**RESPONSE:**

Dated: April 22, 2016

*s/ Elaine R. Walsh*

William B.B. Smith (Ga. Bar No. 664637)
Elaine R. Walsh (Ga. Bar No. 003480)
JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA  30309-3053
(404) 521-3939/Telephone
(404) 581-8330/Facsimile
wsmith@jonesday.com
erogerswalsh@jonesday.com


Robert P. Ducatman*
Jeffrey Saks*
Candice M. Reder*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939/Telephone
(216) 579-0212/Facsimile
rducatman@jonesday.com
jsaks@jonesday.com
creder@jonesday.com

*Motion for Admission Pro Hac Vice
forthcoming*

*Counsel for Plaintiff*

# EXHIBIT J

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **AWP, INC.,** | Case No.: |
| **Plaintiff,** | |
| **v.** | |
| **SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,** | |
| **Defendants.** | |

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
### TO DEFENDANT ROSS SMITH

Pursuant to Federal Rules of Civil Procedure 26 and 34 and its Motion for

Expedited Discovery, Plaintiff, AWP, Inc. ("AWP"), hereby requests that

Defendant Ross Smith produce and permit for inspection and copying the

following documents and things in Defendant's possession, custody, or control, at

the offices of Jones Day, 1420 Peachtree Street N.E., Suite 800, Atlanta, Georgia

30309, within 14 days of service hereof, in accordance with the Definitions and

Instructions below.

Each of the following Document Requests shall be deemed continuing in

nature, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, so as to

require supplementation from the date of the Document Request to the time of

trial.  Should newly discovered documents come to Defendant or Defendant's counsel's attention, such newly discovered documents should be immediately produced to counsel for AWP pursuant to the Federal Rules.

## DEFINITIONS AND INSTRUCTIONS

These Requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions:

1.     AWP hereby incorporates the Definitions and Instructions set forth in Plaintiff's First Set of Interrogatories to Defendant Ross Smith, served concurrently herewith.

2.     PRECAUTIONS MUST BE TAKEN IMMEDIATELY TO PRESERVE FOR RETRIEVAL AND PRODUCTION ALL PAST AND FUTURE E-MAIL TRANSMISSIONS: (i) FALLING WITHIN THE SCOPE OF THE REQUESTS SET FORTH BELOW; (ii) HAVING ANY RELEVANCE TO THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT; OR (iii) HAVING ANY RELEVANCE TO DEFENDANT'S ANSWER OR AFFIRMATIVE DEFENSES.

3.     All electronically stored information ("ESI") responsive to these Requests shall be produced in reasonably useable form, such as TIFF format with associated load files or native format, and shall include, at a minimum, standard header information associated with email (To, From, CC, BCC, Subject, Time/Date Sent or Received).  AWP reserves the right, without serving any

additional Requests, to require Defendant to produce documents in native format with complete original metadata in particular instances.

4.     If the answer to all or any part of any document request is not presently known or available, include a statement to the effect and furnish any information currently known or available.

5.     If any document requested is or may be lost, destroyed, deleted from a document produced in response to a Request or is otherwise unavailable, state for each such document all bases for Defendant's belief that such document is or may be unavailable, including, but not limited to: (a) the identity of the document; (b) the substance of the material lost, destroyed, deleted, or otherwise unavailable; (c) every reason the loss, destruction, or deletion was made and when it was made; and (d) the person responsible for the loss, deletion, destruction, or unavailability of the document.

6.     If any Request is objected to or not answered on the basis of any claim of privilege, whether based upon statute or otherwise, with respect to each such Request, set forth: (a) each person with knowledge of the subject matter of the document; (b) the grounds for the claim of privilege; (c) the author of the document; (d) a list of all addressees, if applicable; (e) the identity of any person referenced in the document; (f) the date of the document; (g) a general description

of the type of document, e.g., letter, memorandum, etc.; and (h) a summary of the subject matter of the document.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Produce all agreements between You and Southeastern or between You and any of the Individual Defendants, and any documents or communications relating to any such agreement(s).

**RESPONSE:**

**REQUEST NO. 2:**

Produce all documents relating to Your compensation or earnings from Southeastern and any communications relating to such compensation or earnings.

**RESPONSE:**

**REQUEST NO. 3:**

Produce all documents relating to communications between You and any current or former customers or clients of AWP regarding Southeastern or any other competitor of AWP made before Your employment with AWP ended.

**RESPONSE:**

**REQUEST NO. 4:**

Produce all documents relating to communications between You and any current or former customers or clients of AWP made for any business purpose after Your employment with AWP ended.

**RESPONSE:**

**REQUEST NO. 5:**

Produce all documents relating to communications between You and current or former employees of AWP made for any business purpose after Your employment with AWP ended.

**RESPONSE:**

**REQUEST NO. 6:**

Produce all documents relating to communications between You,

Southeastern and the Individual Defendants, either individually or together,

regarding AWP.

**RESPONSE:**

**REQUEST NO. 7:**

Produce all documents and information relating to AWP, originating from

AWP or obtained from AWP.

**RESPONSE:**

**REQUEST NO. 8:**

Produce all documents and communications relating to the termination of

Your employment with AWP.

**RESPONSE:**

**REQUEST NO. 9:**

Produce all documents and communications relating to the formation, creation, incorporation, organizational structure, and business plans of Southeastern, including any affiliates, predecessors, successors, or related businesses.

**RESPONSE:**

**REQUEST NO. 10:**

Produce all documents and communications relating to the property located at 4780 Dawsonville Highway, Gainesville, Georgia 30506.

**RESPONSE:**

**REQUEST NO. 11:**

Produce all documents relating to communications to or from You regarding the revenues, price or profit margin of AWP's product and service offerings, including without limitation, traffic control services, special events services, engineering and design services, safety and training services, and equipment rental and sales.

**RESPONSE:**

**REQUEST NO. 12:**

Produce all documents relating to Your obligations as set forth in Exhibit C attached to the Complaint in this Litigation, including without limitation, documents establishing compliance with those obligations, communications regarding those obligations, documents related to any release of those obligations and documents supporting any affirmative defenses to the enforcement of those obligations.

**RESPONSE:**

Dated: April 22, 2016

_s/ Elaine R. Walsh_____
William B.B. Smith (Ga. Bar No. 664637)
Elaine R. Walsh (Ga. Bar No. 003480)
JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA  30309-3053
(404) 521-3939/Telephone
(404) 581-8330/Facsimile
wsmith@jonesday.com
erogerswalsh@jonesday.com


Robert P. Ducatman*
Jeffrey Saks*
Candice M. Reder*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939/Telephone
(216) 579-0212/Facsimile
rducatman@jonesday.com
jsaks@jonesday.com
creder@jonesday.com

*Motion for Admission Pro Hac Vice
forthcoming

Counsel for Plaintiff

# EXHIBIT K

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **AWP, INC.,** | Case No.: |
| **Plaintiff,** | |
| **v.** | |
| **SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,** | |
| **Defendants.** | |

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
### TO DEFENDANT ROSS SMITH

Pursuant to Federal Rules of Civil Procedure 26 and 36 and its Motion for Expedited Discovery, Plaintiff, AWP, Inc. ("AWP"), hereby requests that Defendant Ross Smith answer the following Requests for Admission fully, in writing and under oath, within 14 days, in accordance with the Definitions and Instructions below.

### DEFINITIONS AND INSTRUCTIONS

These Requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions:

1.      AWP hereby incorporates the Definitions and Instructions set forth in

Plaintiff's First Set of Interrogatories to Defendant Ross Smith, served

concurrently herewith.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that the document attached as Exhibit C to the Complaint is a true and

correct copy of the executed Stockholders Agreement to which You are a party.

**ANSWER:**

Dated: April 22, 2016

*s/ Elaine R. Walsh*
William B.B. Smith (Ga. Bar No. 664637)
Elaine R. Walsh (Ga. Bar No. 003480)
JONES DAY
1420 Peachtree Street, N.E. Suite 800
Atlanta, GA  30309-3053
(404) 521-3939/Telephone
(404) 581-8330/Facsimile
wsmith@jonesday.com
erogerswalsh@jonesday.com


Robert P. Ducatman*
Jeffrey Saks*
Candice M. Reder*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939/Telephone
(216) 579-0212/Facsimile
rducatman@jonesday.com
jsaks@jonesday.com
creder@jonesday.com

*Motion for Admission Pro Hac Vice
forthcoming*

*Counsel for Plaintiff*