IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AWP, INC.,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>SOUTHEASTERN TRAFFIC SUPPLY, INC., STEPHEN KOVACH, ROBERT PARRISH, and ROSS SMITH,<br><br>　　　Defendants. | Case No.: 1:16-cv-01315-ELR |

<u>Joint Preliminary Report and Discovery Plan</u>

**1.　Description of Case:**

**(a)　Describe briefly the nature of this action.**

Plaintiff AWP, Inc. ("AWP") seeks damages, reasonable attorneys' fees and injunctive relief for Defendants' breach of contract, violation of the Computer Fraud and Abuse Act, tortious interference with contractual relations, tortious interference with business relations, misappropriation of trade secrets, willful and malicious misappropriation of trade secrets, breach of fiduciary duties, tortious interference with a fiduciary duty and civil conspiracy. Defendants Southeastern Traffic Supply ("STS"), Ross Smith ("Smith") and Stephen Kovach ("Kovach") have asserted counterclaims for tortious interference with business relations and tortious interference with employment.

**(b)　Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>Plaintiff AWP's summary</u>:

Defendants Kovach, Parrish and Smith are former AWP employees in breach of their contractual and fiduciary obligations to AWP. The Defendants knowingly and willfully made concerted effort to harm AWP and, in turn, benefit their competing business, Southeastern. For months after Parrish left AWP, Smith forwarded emails to Parrish that contained AWP's confidential financial

1

performance results, forecasts, and other data.  Upon Smith's termination from AWP, he returned an electronic device to AWP that had been erased.  Defendants have unlawfully solicited AWP customers, business, and employees, causing some customers and business to leave AWP for Southeastern.

Defendants' summary:

STS was founded by Scott Hutchison in November 2015.  Hutchison, who is the President and CEO of STS, has never worked for AWP.  Hutchison has built STS' business by using his and his family's contacts in the construction industry.  Robert "Rusty" Parrish had no involvement in the creation of STS, nor does he have any involvement in its business.  Ross Smith became employed by STS as an independent contractor after his employment with AWP ended.  At the time his employment ended with AWP, Smith did not have a written employment agreement with restrictive covenants.  While he was employed by AWP, Smith had signed a Stockholder Agreement in which he agreed to keep certain information belonging to AWP confidential, and he has abided by that agreement.  STS has not been provided or used any confidential information or trade secrets pertaining to AWP. Stephen Kovach had been employed by AWP as an hourly employee, and he became employed by STS after AWP terminated his employment.  Kovach currently works for STS as an hourly non-supervisory employee that delivers supplies to customers in the film industry.  During his employment with AWP, Kovach signed an employment agreement that contained restrictive covenants.  However, AWP has failed to establish by prima-facie evidence that the restraints contained in that agreement are in compliance with the provisions of O.C.G.A. § 13-8-53 because AWP has failed to assert that Kovach performed any of the tasks enumerated in that statute.

    **(c)**    **The legal issues to be tried are as follows:**

        **(1)**    Whether Smith violated the Computer Fraud and Abuse Act;

        **(2)**    Whether Kovach breached his contractual obligations to AWP;

        **(3)**    Whether Parrish breached his contractual obligations to AWP;

        **(4)**    Whether Smith breached his contractual obligations to AWP;

        **(5)**    Whether Parrish breached his fiduciary obligations to AWP;

        **(6)**    Whether Smith breached his fiduciary obligations to AWP;

**(7)** Whether Smith, Parrish or Southeastern tortiously interfered with Kovach's contractual obligations to AWP;

**(8)** Whether Smith, Kovach or Southeastern tortiously interfered with Parrish's contractual obligations to AWP;

**(9)** Whether Kovach, Parrish or Southeastern tortiously interfered with Smith's contractual obligations to AWP;

**(10)** Whether Kovach, Parrish, Smith, or Southeastern tortiously interfered with AWP's business relations;

**(11)** Whether Parrish tortiously interfered with Smith's fiduciary obligations to AWP;

**(12)** Whether Smith tortiously interfered with Parrish's fiduciary obligations to AWP;

**(13)** Whether Kovach, Parrish, Smith, or Southeastern misappropriated AWP's trade secrets pursuant to O.G.C.A. §10-1-760 et seq.;

**(14)** Whether Parrish and Smith's misappropriations of AWP's trade secrets were willful and malicious;

**(15)** Whether Kovach, Parrish, Smith, and Southeastern committed civil conspiracy;

**(16)** Whether AWP has tortiously interfered with STS's business relations;

**(17)** Whether AWP has tortiously interfered with Smith's relationship with STS;

**(18)** Whether AWP has tortiously interfered with Kovach's employment relationship with STS; and

**(19)** Whether AWP purposely and maliciously filed this lawsuit with the intent to economically harm STS, Smith, and Kovach.

**(d)   The cases listed below (include both style and action number) are:**

    **(1)   Pending Related Cases:**

        None.

    **(2)   Previously Adjudicated Related Cases:**

        None.

**2.   This case is complex because it possesses one or more of the features listed below (please check):**

The parties do not believe this case to be complex.

    \_\_\_\_\_ (1)   Unusually large number of parties
    \_\_\_\_\_ (2)   Unusually large number of claims or defenses
    \_\_\_\_\_ (3)   Factual issues are exceptionally complex
    \_\_\_\_\_ (4)   Greater than normal volume of evidence
    \_\_\_\_\_ (5)   Extended discovery period is needed
    \_\_\_\_\_ (6)   Problems locating or preserving evidence
    \_\_\_\_\_ (7)   Pending parallel investigations or action by government
    \_\_\_\_\_ (8)   Multiple use of experts
    \_\_\_\_\_ (9)   Need for discovery outside United States boundaries
    \_\_\_\_\_ (10)  Existence of highly technical issues and proof
    \_\_\_\_\_ (11)  Unusually complex discovery of electronically stored information

**3.   Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

For Plaintiff AWP, Inc.:

    William B.B. Smith
    JONES DAY
    1420 Peachtree Street, N.E. Suite 800
    Atlanta, GA 30309-3053
    (404) 521-3939/Telephone
    (404) 581-8330/Facsimile
    wsmith@jonesday.com

For Defendant Robert Parrish:

>Stephen P. Fuller
>CKR LAW, LLP
>10475 Medlock Bridge Road, Suite 820
>Johns Creek, GA 30097
>(770) 662-4700
>sfuller@ckrlaw.com

For Defendants Southeastern Traffic Supply, Inc., Stephen Kovach, and Ross Smith:

>James W. Wimberly, Jr.
>WIMBERLY, LAWSON, STECKEL, SCHNEIDER & STINE, P.C.
>Suite 400, Lenox Towers
>3400 Peachtree Road, N.E.
>Atlanta, GA 30326
>(404) 365-0900
>jww@wimlaw.com

**4.** **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

_____ Yes    \_\_X\_\_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.** **Parties to This Action:**

**(a)** **The following persons are necessary parties who have not been joined:**

>The parties do not anticipate the joinder of any other parties but reserve the right to supplement this response and to amend pleadings as permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable law.

**(b)     The following persons are improperly joined as parties:**

   None.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

   None.

**(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:**

   None anticipated at this time.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)    *Summary Judgment Motions:*  within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)    *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties are currently engaging in expedited discovery and do not request a scheduling conference at this time.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

<u>Plaintiff:</u>

1. Defendants' actions prior and subsequent to their employment at Southeastern;

2. AWP's confidential and proprietary trade secret information taken by or in possession of Defendants;

3. Extent of Defendants' misappropriation, use and disclosure of AWP's confidential and proprietary trade secret information;

4. Defendants' communications with actual and prospective customers of AWP;

5. Defendants' communications with actual and prospective customers of Southeastern;

6. Facts and circumstances surrounding each and every allegation in Defendants' Counterclaims and Affirmative Defenses; and

7. Harm or damage to Defendants and their entitlement to relief.

<u>Defendants</u>:

1. AWP's communications with actual and prospective customers of STS;

2. AWP's communications with STS, Smith and Kovach;

3. Facts and circumstances surrounding each and every allegation in Plaintiff's Complaint;

4. Facts and circumstances surrounding each and every allegation in Defendants' Counterclaims and Affirmative Defenses; and

5. Harm or damage to Defendants and their entitlement to relief.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

At this time, the parties do not anticipate that any additional time beyond that requested herein will be needed, but respectfully reserve the right to move the Court for an extension of the discovery period should circumstances require. The parties are currently engaging in expedited discovery, which ends on June 6, 2016. The parties request a six (6) month fact discovery period to run from the date of this Joint Preliminary Report and Discovery Plan. The parties also respectfully request an additional three (3) months to complete expert discovery.

**11.  Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

**(b)  Is any party seeking discovery of electronically stored information?**

  X   Yes       No

**If "yes,"**

**(1)  The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties agree that any information responsive to a discovery request that is stored electronically shall be printed and produced as retained by the producing party in the ordinary course of business, subject to any claim of privilege. For any such claim of privilege, the parties agree that the producing party shall provide a privilege log describing in detail the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing the information over which the claim of privilege or protection is asserted, will enable other parties to assess the claim. Communications involving outside trial counsel that post-date the filing of the complaint need not be placed on a privilege log.

**(2)  The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or**

**.TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

All electronically stored information shall be produced in .tiff or .pdf format, served via email or on disk, with the exception of Excel files that shall be produced in native format. If a receiving party requests metadata for a particular document by identifying the Bates numbers in writing, the producing party of that document must provide the document in native form with metadata preserved within ten (10) business days.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

<u>Electronic Service of Discovery</u>: The parties agree that, pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers, including discovery requests, may be served by sending such documents by email to all counsel of record.

<u>Protective Order</u>: The parties anticipate submitting a Stipulated Protective Order regarding possible confidential information produced in discovery.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 18, 2016, and that they participated in initial settlement discussions prior to and during the Rule 26(f) conference. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff AWP, Inc.:** **Lead counsel (signature):**

   */s/ William B.B. Smith*

**Other participants:**     Robert P. Ducatman, Jeffrey Saks

10

**For Defendant Robert Parrish:** Lead counsel (signature):

*/s/ Stephen P. Fuller*

**For Defendants Southeastern Traffic Supply, Inc., Stephen Kovach, and Ross Smith:** Lead counsel (signature):

*/s/ James W. Wimberly*

**Other participants:**     Kathleen Jennings

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(_X_) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c)     Counsel (_X_) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is anticipated to take place after the expedited discovery period.

(d)     The following specific problems have created a hindrance to settlement of this case.

None have thus far been identified.

**14.     Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)     The parties (     ) do consent to having this case tried before a Magistrate Judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge Form has been submitted to the Clerk of Court this_____day of _____, 20____.

(b)     The parties (_X_) do not consent to having this case tried before a Magistrate Judge of this Court.

Dated: June 3, 2016

| | |
|---|---|
| */s/ Stephen P. Fuller* | */s/ Candice M. Reder* |
| Stephen P. Fuller (Ga. Bar No. 280336) | William B. B. Smith (Ga. Bar No. 664637) |
| CKR LAW, LLP | Elaine R. Walsh (Ga. Bar No. 003480) |
| 10475 Medlock Bridge Road, Suite 820 | JONES DAY |
| Johns Creek, GA 30097 | 1420 Peachtree Street, N.E. Suite 800 |
| sfuller@ckrlaw.com | Atlanta, GA 30309-3053 |
| | (404) 521-3939/Telephone |
| *Counsel for Defendant Robert Parrish* | (404) 581-8330/Facsimile |
| | wsmith@jonesday.com |
| | erogerswalsh@jonesday.com |
| *s/ Kathleen Jennings* | |
| James W. Wimberly, Jr. (Ga. Bar No. 769800) | Robert P. Ducatman* |
| | Jeffrey Saks* |
| Kathleen Jennings (Ga. Bar No. 394862) | Candice M. Reder* |
| WIMBERLY, LAWSON, STECKEL, SCHNEIDER & STINE, P.C. | JONES DAY |
| Suite 400, Lenox Towers | North Point |
| 3400 Peachtree Road, N.E. | 901 Lakeside Avenue |
| Atlanta, GA 30326 | Cleveland, Ohio 44114-1190 |
| (404)365-0900/Telephone | (216) 586-3939/Telephone |
| jww@wimlaw.com | (216) 579-0212/Facsimile |
| kjj@wimlaw.com | rducatman@jonesday.com |
| | jsaks@jonesday.com |
| | creder@jonesday.com |
| *Counsel for Defendants Southeastern Traffic Supply, Inc., Stephen Kovach, and Ross Smith* | *Admitted Pro Hac Vice |
| | *Counsel for Plaintiff AWP, Inc.* |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** has been prepared with one of the font and point selections (e.g., Times New Roman/14 point) approved by this Court in Local Rule 5.1B.

This 3rd day of June, 2016.

*s/ Candice M. Reder*
*One of Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| James W. Wimberly, Jr.<br>Kathleen Jennings<br>WIMBERLY, LAWSON, STECKEL,<br>SCHNEIDER & STINE, P.C.<br>3400 Peachtree Road, N.E. Suite 400<br>Atlanta, GA 30326<br><br>*Counsel for Defendants Southeastern Traffic, Inc., Stephen Kovach, and Ross Smith* | Stephen P. Fulller<br>CKR Law, LLP<br>10475 Medlock Bridge Road<br>Suite 820<br>Johns Creek, GA 30097<br><br>*Counsel for Defendant Robert Parrish* |
|---|---|

This 3rd day of June, 2016.

                *s/ Candice M. Reder*
                *Admitted Pro Hac Vice*
                *Attorney for AWP, Inc.*

JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939
creder@jonesday.com